United States District Court
Southern District of Texas
FILED

OCT 1 9 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RODOLFO CISNEROS D/B/A | § | |
| AAA ESTRELLA BLANCA | § | |
| PLAINTIFF | § | |
| | § | B-01-182 |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| PATRICIA MARIA DEL CARMEN | § | |
| MALDONADO GUTIERREZ as | § | |
| Agent for "CNA MEXICO S.DE R.L. | § | |
| DE C.V.." "CNA MEXICO S.DE R.L. | § | |
| DE C.V." | § | |

<u>MOTION PURSUANT TO RULE 12(b) TO DISMISS FOR
LACK OF JURISDICTION OVER THE PERSON,
IMPROPER VENUE, INSUFFICIENCY OF PROCESS AND SERVICE OF PROCESS
AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

Defendants PATRICIA MARIA DEL CARMEN MALDONADO GUTIERREZ As Agent for "CNA MEXICO S.DE R.L. DE C.V." (hereinafter "individual Defendant") and "CNA MEXICO S.DE R.L. DE C.V." (hereinafter "corporate Defendant") move the court pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the Plaintiff's action on the grounds hereinafter set forth:

I.

Defendant, PATRICIA MARIA DEL CARMEN MALDONADO GUTIERREZ As Agent for "CNA MEXICO S.DE R.L. DE C.V..", at the time of the making of the purported agreement, the subject matter of the suit, was a resident of Mexico and is not, and has not been a resident of the state of Texas nor of the United States and is not doing business in the state of Texas, engaging in or carrying on a

business venture in this state nor does she have an office or agent in this state. The corporate Defendant is a corporation organized under the laws of Mexico with its principal place of business in Mexico and was not and is not subject to the service of process within Texas, and is not doing business in the state of Texas, engaging in or carrying on a business venture in this state nor does it have an office or agent in this state.

As more fully appears from the exhibits attached to the this Motion, the purported agreement between CNA MEXICO S.DE R.L. DE C.V." and Plaintiff was made and executed in Mexico and involved services in connection with crossing of goods over the United States/Mexico border to said corporate Defendant in Mexico. Said corporate Defendant is not the owner of any such goods until received by it in Mexico, such goods remaining the property of the shipper in the United States until delivered to corporate Defendant in Mexico. The transactions contemplated by the agreement had no or insignificant contact with the State of Texas. The transaction did not arise out of doing business in the state of Texas or a business venture in the State of Texas by Defendants, all of which appears more fully in the affidavit of Patricia Maldonado attached hereto as Exhibit"A" and incorporated herein by reference.

II.

The agreement which is the subject of this action, attached hereto as Exhibit "B" and incorporated herein by reference, by its terms, submits the parties to the jurisdiction of the courts of Mexico, D.F., as well as to the provisions of the current civil code for the states of Mexico, D.F., expressly waiving any venue that may correspond to the parties by reason of their present or future domiciles.  Venue is therefore improper in Texas or the United States.

III.

As of the filing of this Motion, Defendants have not been served with process and by reason of their lack of contacts with the State of Texas and by reason of the terms of the agreement set forth above, are not amenable to process in Texas or through substituted process through the Secretary of State.

IV.

Besides agreeing to submit themselves to the jurisdiction and laws of the courts of Mexico, the agreement on its face does not provide that Defendant must *exclusivly* use Plaintiff's services or facilities.  The agreement only delineates the genereal nature of the services to be provided by Plaintiff and the fees to be paid by Defendant *if* it avails itself of those services.

V.

Therefore, for all of the above reasons Plaintiff has failed to state a claim upon which relief can be granted and this action should be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants pray this action be dismissed or for such other relief either in law or in equity to which they may be entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
   &amp; ZABARTE, L.L.P
100 North Expressway 83
Brownsville, Texas  78521-2284
Telephone: (956) 546-3731
Telecopier: (956) 546-3766

BY: _____
Robert A. Whittington
State Bar No. 21404700

By: _____
Francisco J. Zabarte
State Bar No. 22235300

ATORNEYS FOR DEFENDANTS PATRICIA MARIA DEL CARMEN MALDONADO GUTIERREZ As Agent for "CNA MEXICO S.DE R.L. DE C.V.." and "CNA MEXICO S.DE R.L. DE C.V."

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on opposing counsel, Mr. Carlos H. Cisneros, CISNEROS & MATTINGLY, P.C. 845 E. Harrison, Suite A, Brownsville, Texas 78041 on this 19th day of October, 2001, via U.S. certified mail, return receipt requested and via fax.

_____
Francisco J. Zabarte

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared PATRICIA MARIA DEL CARMEN MALDONADO GUTIERREZ, legal representative of CNA MEXICO S.DE R.L. DE C.V., who is personally known to me and first being duly sworn according to law upon her oath swore to the facts stated herein as true and correct and said:

My name is PATRICIA MARIA DEL CARMEN MALDONADO GUTIERREZ. I am over the age of eighteen years and am fully competent to make this affidavit.

I am the legal representative for CNA MEXICO S.DE R.L. DE C.V and can attest that I am and have always been a resident of Mexico and have not been a resident of the State of Texas or the United States. CNA MEXICO S.DE R.L. DE C.V. is a corporation organized under the laws of Mexico and is not subject to service of process within Texas. I and CNA MEXICO S.DE R.L. DE C.V. are not doing business in the State of Texas or engaging in or carrying on a business venture in the State of Texas, nor do I or CNA MEXICO S.DE R.L. DE C.V. have an office or place of business in Texas. Any transaction contemplated by the agreement between CNA MEXICO S.DE R.L. DE C.V. and Plaintiff has no significant contact with the State of Texas, and any transaction, and the agreement, which is subject of this action, by its terms, submits the parties to the jurisdiction of Mexico as well as the provisions of the civil code of Mexico. Furthermore, any goods which may be found in the State


EXHIBIT A

of Texas are the property of the shipper in the United States until delivered to CNA MEXICO S.DE R.L. DE C.V.

FURTHER AFFIANT SAYETH NOT.

*[signature]*
PATRICIA MARIA DEL CARMEN
MALDONADO GUTIERREZ

SUBSCRIBED AND SWORN to before me, a Notary Public, on this 16th day of October.

*[signature: Alma B. Barrón]*
Notary Public,
My Commission Expires:

ALMA B. BARRON
MY COMMISSION EXPIRES
March 17, 2005

# CONTRACT TO RENDER SERVICES

Contract to render services entered into by and between "CNA MEXICO S. DE R.L. DE C.V.", with its address located at Eje Sur #35, Paseo de Churubusco, Delegación Iztapalapa, Código Postal 09030, Mexico, D.F., hereinafter referred to as "THE COMPANY", duly represented by ING. PATRICIA MARIA DEL CARMEN MALDONADO GUTIERREZ, in her capacity as Legal Representative, and "AAA ESTRELLA BLANCA", with its business address located at 1405 E. Jefferson, Brownsville, TX 78520 U.S.A., with Federal Taxpayer No. 74-2990640, duly represented by MR. RODOLFO CISNEROS, in his capacity as Owner of the company, hereinafter referred to as the "SERVICE PROVIDER", pursuant to the following recitals and clauses:

## RECITALS

I.  Cable Network states:

A. That it is a business corporation of variable capital duly incorporated in accordance to the Mexican laws as evidenced by its Articles of Incorporations, Charter No. 3032, Public Registry, Volume 229672, granted before the assertion of Atty. Carlos A. Matsui Santana, Notary Public Number 38 of Mexico, D.F.

B. That for the attainment of its purposes, in addition to the programs and approved budgets, it performs other activities through the execution of agreements or contracts with the public, social and private sectors.

C. That on May 29, 2001, "the Company" executed a (contract, accord or agreement) with AAA Estrella Blanca for services in the fields of logistics, import, and export of materials.

D. That for the performance of the (contract, accord or agreement) indicated in the above recital, it requires the rendering of services to carry out the actions subject of this contract, and which consist of:

1. Warehouses with handling services (loading and unloading) and storage in the city of Brownsville, Texas.

2. Certificate from country of origin, F.T.A., inspection and labeling of merchandise.

3. Classification of merchandise and Mexican customs expenses.

4. Supervision and dealings before Customs in the city of Matamoros, Tamaulipas, at the customs agency, (taxes and/or fiscal duties, as well as expenses shall be paid for by "the Company" before the material can cross into Matamoros, Tamps).



Page 1 of 4



5. Contracting of transportation or freight lines in the city of Matamoros, Tamaulipas, to be used for the shipment of merchandise. (The expenses resulting from the contracting of the transportation service shall be paid for by "the Company".)

E. That its business address for purposes of this Contract, is the one indicated above.

II The "Service Provider" states:

A. That it has the technical knowledge and expertise necessary to perform the tasks contained in this contract.

Having stated the foregoing, the parties subject their commitments to the following terms and conditions included in the following:

## CLAUSES

**FIRST**: The "Service Provider" promises to offer "the Company" its services in order to carry out the activities consisting of logistics, import and export, as set forth in paragraphs "C" and "D" of the recitals by CNA MEXICO S. DE R.L. DE C.V.

**SECOND**: The "Service Provider" promises to develop the services set forth in the above clause to the complete satisfaction of "the Company", providing all its expertise and capacity, and devoting all the time which is necessary.

**THIRD**: The parties are satisfied in that the basis for this Contract are the guidelines contained (accords, contracts, or agreements), which can be agreed to through civil contracts.

**FOURTH**: The "Service Provider" promises to inform "the Company" regarding the status of its tasks, as many times as may be required, as well as to render a general report upon the termination of this contract and not to assign the rights and obligations derived from this contract, without the express consent of "the Company".

**FIFTH**: This contract shall be effective on May 29, 2001, and shall be valid for a period of two years as of its execution.

**SIXTH**: The "Service Provider" shall receive as fees, the sum of:

1. 5% (Five percent) of the value of the product, provided said value is not less than $4,100.00 U.S. Dollars (Four Thousand One Hundred U.S. Dollars).

2. $150.00 U.S. Dollars (One Hundred Fifty U.S. Dollars) when the value of the product is less than $4,100.00 U.S. Dollars (Four Thousand One Hundred U.S. Dollars).

**SEVENTH**: The "Service Provider" agrees that the compensation it receives for the performance of the services subject of this contract, shall be the only ones [it shall receive].

**EIGHTH**: "The Company" promises to pay the fees to "the Professional" through the appropriate administrative agency, prior the delivery of the respective receipts or vouchers, which shall comply with the fiscal requirements as dictated by law regarding said matters.

**NINTH**: The "Service Provider" accepts and agrees that in the event it omits the notice and declaration for fiscal purposes referred to in the above clause, it authorizes "the Company" to retain its payments, until such fiscal omissions have been complied with by it, as the one who caused them, and in accordance to the terms of the appropriate laws.

**TENTH**: After the conclusion of the term of this contract, it cannot be automatically extended by the simple passage of time, and shall terminate without a need of notice to the parties after two years.

**ELEVENTH**: In the event "the Company" needed to contract again the services of the "Service Provider", the execution of a new contract shall be required.

**TWELFTH**: It is expressly agreed that whenever the "Service Provider" hires support personnel in order to perform its duties, while taking care of the task entrusted to it, such personnel shall be its exclusive responsibility, and there shall be no relationship between "the Company" and said personnel. The "Service Provider" shall be responsible for all the obligations regarding the hiring of its support personnel and which "the Company" does not provide.

**THIRTEENTH**: This contract can be terminated at will by any of the contracting parties within a term after having complied with two years of services, prior notice to the other party with three months in advance, in order that during this period any pending jobs can be completed, and that, in any event, "the Company" can have the opportunity to appoint whoever will substitute the "Service Provider".

**FOURTEENTH**: It is expressly agreed that failure to comply with any of the obligations under this contract and others from the current civil code, applicable to the obligations of the parties, shall be grounds for the rescission of this contract, and shall cause the payment of damages and losses which the noncompliance caused the complying party.

**FIFTEENTH**: The "Service Provider" freely assigns to "the Company" the rights (of ownership, author, translator, compiler, executant), that may arise from the rendering of the professional services; in addition, the "Service Provider" agrees to assign free title to (patent rights, trademarks, or exploitation of inventions, drawings, models of industrial nature), which may result by virtue of the rendering of the aforementioned services, in order that if "the Company" deems it appropriate, it shall reserve the right for licenses or patents or to make the appropriate cultural or scientific broadcasting of the work done.

**SIXTEENTH:** For the interpretation and compliance of this contract the parties hereto submit to the jurisdiction of the courts of Mexico, D.F., as well as to the provisions of the current civil code for the state of Mexico, D.F., expressly waiving any venue that may correspond to them by reason of their present or future domiciles.

HAVING READ THE CONTRACT AND THE PARTIES HAVING ACKNOWLEDGED ITS CONTENT AND SCOPE, THEY SIGN IT IN THE CITY OF MEXICO, D.F. ON THE 29TH DAY OF MAY OF THE YEAR 2001.

| | |
|---|---|
| "THE COMPANY" | "THE SERVICE PROVIDER" |
| CNA MEXICO S. DE R.L. DE C.V. | AAA ESTRELLA BLANCA |
| Patricia Maldonado, REPRESENTATIVE | RODOLFO CISNEROS C. |
| [flourish] | [flourish] |

---

*Declaration of Interpreter/Translator*

I, Sandra R. Cortez, certified by the Administrative Office of the United States Courts for English-Spanish interpreting, do hereby certify that I have translated the foregoing document from Spanish into English. I declare, under penalty of perjury, that to the best of my knowledge and abilities, this is a true and correct translation of the Spanish language text.

Brownsville, Texas - October 18, 2001

*Sandra R. Cortez*
U.S. Court Certified Interpreter
(Certif. No. 98029)

Page 4 of 4