United States District Court
Southern District of Texas
FILED

NOV 08 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RODOLFO CISNEROS D/B/A § | | |
| AAA ESTRELLA BLANCA § | | |
| *Plaintiff,* § | | |
| § | | |
| vs. § | | |
| § | CIVIL ACTION NO. B-01-182 | |
| § | | |
| PATRICIA MARIA DEL CARMEN § | | |
| MALDONADO GUTIERREZ as Agent § | | |
| for "CNA MÉXICO S. DE R.L DE C.V." § | | |
| and "CNA MÉXICO S. DE R.L DE C.V."§ | | |
| *Defendants.* § | | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, **Rodolfo Cisneros d/b/a AAA Estrella Blanca**, Plaintiffs, by and through their undersigned attorney and respond to Defendants', **Patricia Maria del Carmen Maldonado Gutierrez, as Agent for CNA México S. DE R.L. DE C.V. and CNA México S. DE R.L. DE C.V.**, Motion to Dismiss. In this regard, Plaintiffs would show:

1.  **INTRODUCTION**

    As outlined in *Plaintiff's Original Petition*, on or about May 29, 2001, Defendants induced Plaintiff Cisneros to enter into a contract to provide warehousing facility in Brownsville, Cameron County, Texas, equipped for the receipt, storage and transportation of fiberoptic cable into Mexico. [*See* Exhibit A, *Affidavit of Rodolfo Cinseros*, attached hereto.]

    Plaintiff purchased a 24-month lease on the required facility, located at 3547 East 14th Street, Brownsville, Texas, at a cost of $51,600.00 and in order to further meet his contracted obligations, began the acquisition of necessary implements, *i.e.*, a fork lift for $32,460.00, a computer system, renovations to the facility, a pallet jack. Plaintiff expended $98,630.00 to put in place the facility and equipment in order to fulfill the contract requiring him to receive, to store and to transport, by importing through all legal means, the rolls of fiberoptic cable and other related materials into Mexico.

1

For two months, Plaintiff rendered services as specified in the contract without fail. Plaintiff received, inventoried and delivered CNA's product timely, efficiently and expeditiously. At the end of the second month of the business relationship, Defendants started balking at Plaintiff "in that his services were costing Defendants too much money." This in light of the fact that Plaintiff was only billing the five (5) percent specified in the contract. Without notice and due process, Defendants stopped using Plaintiff's services and started rerouting the product to other custom brokers in the area. Since then, Plaintiff has had no work and is now in default with all his creditors. As a result of CNA's no longer utilizing Plaintiff's services, CNA de México defaulted on the binding contract entered into with Plaintiff.

Plaintiffs have sued for Fraud, Breach of Contract, Suit on a Sworn Account, and all interest accrued from the moment Defendants breached the agreement entered into. Such are indeed claims upon which relief can be granted, valid for 100's of years under common law and still the law in Texas.

## 2. CHOICE OF FORUM CLAUSE

Defendants have alleged that the contract made the subject of this suit submits the parties to the jurisdiction of the courts of México, D.F., expressly waiving any venue that may correspond to the parties by reason of their present or future domiciles. Plaintiffs would state there is clearly a choice of forum to file a cause of action. The contract language does not define where a lawsuit must be brought nor in any way does the contract language restrict the litigation of any term nor any cause of action that may arise therefrom. As demonstrated, the *interpretation* and *compliance* of the contract *"only"* [Emphasis added] are to be submitted to the jurisdiction of the courts of México, D.F.:

> **CONTRACT TO RENDER SERVICES – CLAUSES**
> **SIXTEENTH: For the "interpretation" and "compliance" of this contract the parties hereto submit to the jurisdiction of the courts of México, D.F., as well as to the provisions of the current civil code for the state of México, D.F., expressly waiving any venue that may correspond to them by reason of their present or future domiciles.** [Emphasis added]

As a matter of fact, the alleged "choice of forum clause" *expressly waives* attempting to look at the statutes or rules of other venues (jurisdictions) to interpret any compliance aspect of the

2

contract. The parties agree to look at the way Mexican courts interpret this type of contract by looking at the civil code – "codigo civil." Nothing in the clause says that a U.S. District Court cannot subject the parties to its jurisdiction. To the contrary, the U.S. District Court only must look at the way Mexican courts interpret the civil code when dealing with similar contracts. That is all that is required.

Similarly, the parties are prohibited from trying to put a "twist" on the meaning of the terms of the contract by attempting to bootstrap the laws of any one particular forum.

Nevertheless, nothing in the contract prohibits either party from suing in a forum of their choice. The clause in question, does not even mention the words "litigio" (suit), "demanda" (lawsuit), or that the parties agree to sue only in Mexico City. Neither party *expressly* waived, nor agreed to sue *exclusively* in Mexico, or Mexico City for that matter. To assume otherwise, when the contract is devoid of such language, would be going "outside the four corners of the contract."

## 3. MINIMUM CONTACTS

Defendant, Patricia Maria del Carmen Maldonado Gutierrez, alleges she "...has not been a resident of the state of Texas nor of the united States and is not doing business in the state of Texas, engaging in or carrying on a business venture in this state nor does she have an office or agent in this state.....," and so avers in the affidavit attached to her motion to dismiss. Plaintiffs assert that such is not entirely the case. Defendant CNA de México does a tremendous amount of business in Texas! Plaintiffs contend that Defendant, CNA de México, does conduct business in the state of Texas, by and through agents such as Gutierrez, openly carrying on business ventures in this state, as an employee, agent and/or representative of CableNetwork, distributor of major manufacturers of CATV equipment, based in Pompano Beach, Florida with a facility in Mexico City. When attorney for Plaintiffs contacted Best Forwarding [another outfit that does business with CNA de México], 504 E. Fronton Street, Brownsville, Cameron County, Texas -- a facility wherein a portion of the fiber optic goods made the subject of this case are stored -- to alert the facility to the possibility of a permanent injunction Plaintiffs were seeking and advising them further that release of the inventory product would be a violation of the Court's order, a representative of Best Forwarding, Angie Silva, responded that: Defendant Patricia Gutierrez was their client; goods belonging to CNA México S. DE R.L. DE C.V. were indeed housed in their facility, and; she would contact Best Forwarding's

3

attorney regarding the release of the inventory to their client, CNA de México. Plaintiffs maintain Best Forwarding's reaction to the notice of a temporary restraining order is rather resolute for a business associate of an alleged non-owner of goods, not "carrying on a business venture in this state," with "insignificant contacts with the State of Texas" as Defendants would lead this Court to believe.

It is understood that this Court may assert personal jurisdiction over a nonresident defendant only if the requirements of both the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Texas long-arm statute are satisfied. *See* U.S.CONT. amend. XIV, § 1; *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 413-14, 80 L. Ed. 2d 404, 410-11, 104 S. Ct. 1868 (1984); *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). The long-arm statute allows a court to exercise personal jurisdiction over a nonresident defendant **that does business in Texas**. *CRS Ltd.*, 925 S.W.2d at 594. In addition to a discrete list of activities that constitute doing business in Texas, the statute provides that "other acts" by the nonresident can satisfy the requirement. *Id.; Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991); TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 1997). The Texas Supreme Court has repeatedly interpreted this broad statutory language "to reach as far as the federal constitutional requirements of due process will allow." *CSR Ltd.*, 925 S.W.2d at 594; *Guardian Royal*, 815 S.W.2d at 226; *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977). Consequently, the requirements of the Texas long-arm statute are satisfied if the exercise of personal jurisdiction comports with federal due process limitations. *CSR Ltd.*, 925 S.W.2d at 594.

In *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987) is found a very detailed discussion of the scope of due process *vis-a-vis* the exercise of personal jurisdiction over a nonresident defendant:

> **"The constitutional touchstone" of the determination whether an exercise of personal jurisdiction comports with due process "remains whether the defendant purposefully established 'minimum contacts' in the forum State."** *Burger King Corp. v. Rudzewicz*, **471 U.S. 462, 474, 85 L.Ed.2d 528, 105 S.Ct. 2174 (1985), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L.Ed. 95, 66 S.Ct. 154, 161 ALR 1057 (1945). Most recently we have reaffirmed the oft-quoted reasoning of *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L.Ed.2d 1283, 78 S.Ct. 1228 (1958), that minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections**

4

of its laws. [citation omitted] "Jurisdiction is proper...where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state." [citations omitted]

....The "substantial connection," [citations omitted] between the defendant and the form State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.* [citations omitted] The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.
*Asahi Metal Industry Co., 480 U.S. at 108-09, 112, 94 L.Ed.2d at 102, 104.* [Emphasis in original]

To say there are insignificant contacts is a sham, a misrepresentation, and amounts to smoke and mirrors. It is the proverbial red herring! In the instant case, there is clear, abundant evidence that Defendant, CNA de México, engaged in actions directed toward Texas. [*See* Exhibit A, *Affidavit of Rodolfo Cinseros*, attached hereto.] The evidence before this Court clearly establishes that CNA de México does business in Texas:

- CNA de México took voluntary action to avail itself of the privilege of conducting activities in Texas, contacting Plaintiff, Rodolfo Cisneros, upon the recommendation of *Comunicable* of Matamoros, Mexico.

- CNA de México requested that Plaintiff handle all their imports into Mexico, receiving and storing all materials in Brownsville, Texas – which property warehoused in Brownsville CNA de México is now threatening to seize through the courts.

- CNA de México negotiated the business operations made the subject of this lawsuit in the offices of Rodolfo Cisneros d/b/a AAA Estrella Blanca, Brownsville, Texas.

- CNA de México directed its negotiations, faxes, communications, product purchases, product warehousing, product transportation – a broad range of business activities – to the State of Texas.

5

  CNA de México signed a valid, binding contract with a Texas businessman and U.S. citizen. CNA Miami sends products to Plaintiff through Texas, using the State's highway system for the benefit of CNA de México.

  Not only have Defendants engaged in contractual business obligations with Plaintiffs, Rodolfo Cisneros d/b/a AAA Estrella Blanca *of Texas*, they appear quite bound in their business relations with Best Forwarding *of Texas* as well as engaged in business with custom brokers all up and down the international border. In addition, shortly after filing their motion to dismiss, Defendants -- the so-called non-owner of goods, purportedly not "carrying on a business venture in this state," with allegedly "insignificant contacts with the State of Texas" – notified Plaintiff, Rodolfo Cisneros, that if he continues to refuse "...to turn over the equipment in his possession,....a claim for conversion with the appropriate court will be filed."

  Defendants continue to display a peculiarly overt interest in product inventory they not only claim they do not own, but also claim they did not conduct business in Texas to obtain. Defendants' actions seem to belie their stance before this Court. The evidence of Defendants' actions – *voluntarily* creating a substantial connection with Texas through numerous business activities -- clearly demonstrate that Defendants purposefully availed themselves of the privilege of conducting activities with the State of Texas, thus invoking the benefits and protections of its laws.

  WHEREFORE PREMISES CONSIDERED, Plaintiffs pray this Court deny Defendants' motion to dismiss this action.

***Exhibit A***

# **AFFIDAVIT**

STATE OF TEXAS          *

                        *

COUNTY OF CAMERON  *

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared RODOLFO CISNEROS who under oath said as follows:

"I am over 18 years of age, of sound mind, acquainted with the facts herein and capable of making this affidavit." "I am a U.S. Citizen and conduct all my business from Brownsville, Cameron County, Texas, USA."

"I own AAA Estrella Blanca, a business located here in Brownsville, Cameron County, Texas. Estrella Blanca has been in existence since 1999 and it provides warehousing, invoicing and exporting into Mexico." "In connection with all my business dealings with CNA de Mexico, the representative for CNA de Mexico contacted me after COMUNICABLE of Matamoros, Mexico, referred them to me."

"When they first contacted me, CNA de Mexico wanted me to handle all of their imports into Mexico and wanted me to receive all materials into a proper and safe warehouse here in Brownsville." "They contacted me here in Brownsville at my old number at 956-504-2016."

"I negotiated a commercial lease for warehouse space and bought equipment to handle all of their shipments." "The product would be delivered from COMMSCOPE here to Brownsville, Cameron County, Texas." "Also, CNA Miami, would send product for me to send to CNA de Mexico." "I would receive all the product here in Brownsville, and then prepare the requisite

*Minimum Contacts Affidavit*

importation documents to deliver the product to Mexico City."

"All the negotiations regarding all shipments took place in my office, here in Brownsville, Texas." "All storage of CNA's product took place here in Texas." "All faxes and communications with CNA de Mexico also took place here in Brownsville, Texas." "Additionally, CNA de Mexico availed itself of the services of other custom brokers in the area such as Best forwarding." "When CNA de Mexico stopped using my services, they immediately went back to use Best forwarding." "So, CNA de Mexico uses my services, and the services of other local, Texas's businesses."

"Furthermore, CNA de Mexico avails itself of the benefits that Texas roads and highways offer, as well as the benefits that Texas transport companies provide in transporting its product."

"They now, very conveniently, allege that there are no minimum contacts with Texas, when in fact they continue to use local warehouses, continue to request materials from local service providers, and continue to make arrangements for the delivery of their products with Texas' forwarding agents."

                                                  Rodolfo Cisneros, Affiant

SUBSCRIBED AND ACKNOWLEDGED BEFORE ME by the said Rodolfo Cisneros, affiant, on this 7th day of November, 2001.

                                                 Notary Public in and for
                                                 Cameron County, State of Texas

*Minimum Contacts Affidavit*

Respectfully submitted,

BY: _____
Carlos H. Cisneros
Attorney-in-Charge
State Bar No. 00793508
Federal I.D. No. 21865
845 E. Harrison St., Ste. "A"
Brownsville, Texas 78520
Tel. (956) 504-2260
Fax (956) 504-5988

*CISNEROS & MATTINGLY, P.C.,*
*ATTORNEYS FOR PLAINTIFF,*
*RODOLFO CISNEROS*
*D/B/A AAA ESTRELLA BLANCA*

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing document was on this the 8th day of November, 2001, served via Certified Mail, return receipt requested, 7099 3400 0015 1921 0294, to the following parties or attorneys pursuant to Federal Rule of Civil Procedure 5(b):

Hon. Francisco J. Zabarte
**SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.**
100 North Expressway 83
Brownsville, Texas 78521-2284.

BY: _____
**Carlos H. Cisneros**

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RODOLFO CISNEROS D/B/A<br>AAA ESTRELLA BLANCA<br>*Plaintiff,*<br><br>vs.<br><br>PATRICIA MARIA DEL CARMEN<br>MALDONADO GUTIERREZ as Agent<br>for "CNA MÉXICO S. DE R.L DE C.V."<br>and "CNA MÉXICO S. DE R.L DE C.V."<br>*Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO. B-01-182 |

## ORDER DENYING MOTION TO DISMISS

This is an action wherein Plaintiff has alleged that Defendant, CNA de México, and its agent and/or representative, Defendant, Patricia Maria del Carmen Maldonado Gutierrez, breached the contract for services entered into. Plaintiff alleges he relied on Defendants' representations and put in place the facility and equipment in order to fulfill his contractual obligation. Plaintiff contends Defendants misrepresented that they would utilize Plaintiff's facility and equipment when in fact, Defendants knew that their proposed utilization of Plaintiff's facility and equipment would be short-lived. Defendants are liable to Plaintiff for any and all injuries, costs, expenses, and other damages which resulted proximately or directly from Defendants' egregious misconduct, misrepresentations, and outright fraud.

Defendants have filed a Motion to Dismiss for Lack of Jurisdiction over the Person, Improper Venue, Insufficiency of Process and Service of Process and Failure to State a Claim upon Which Relief Can Be Granted. Plaintiffs have filed a Response opposing the motion.

In support of their Motion, Defendants urge that Defendant, Patricia Maria del Carmen Maldonado Gutierrez, was a resident of Mexico and was not carrying on a business venture in the State of Texas and further, that Defendant, CNA de México, is not the owner of goods made the subject of this lawsuit and the transactions contemplated by the agreement executed in Mexico had

1

no or insignificant contact with the State of Texas. Defendants also claim that the parties are subject to the jurisdiction of the courts of México, D.F. Additionally, Defendants argue that they have not been served with process by reason of their lack of contacts with the State of Texas and that Plaintiff has failed to state a claim upon which relief can be granted.

A motion to dismiss should not be granted if the defendant purposefully established 'minimum contacts' in the forum State, purposefully availing itself of the privilege of conducting activities within the forum State. *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 85 L.Ed.2d 528, 105 S.Ct. 2174 (1985)*, quoting *International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L.Ed. 95, 66 S.Ct. 154, 161 ALR 1057 (1945)*. *Hanson v. Denckla, 357 U.S. 235, 253, 2 L.Ed.2d 1283, 78 S.Ct. 1228 (1958)*

A motion to dismiss should not be granted unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson, 1957, 78 S.Ct. 99, 355 U.S. 41, 2 L.Ed.2d 80.*

Defendants' Motion to Dismiss is overruled. Defendants will file their Answer on or before _____, 2001.

It is so ordered this ___ day of _____, 2001.

_____
United States District Judge

COPIES TO:

Hon. Carlos H. Cisneros
**CISNEROS & MATTINGLY, P.C.**
845 East Harrison Street, Suite A
Brownsville, Texas 78520

Hon. Francisco J. Zabarte
**SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.**
100 North Expressway 83
Brownsville, Texas 78521-2284

2