IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RODOLFO CISNEROS D/B/A § | | |
| AAA ESTRELLA BLANCA § | | |
| *Plaintiff,* § | | |
| § | | |
| vs. § | | |
| § | | |
| § | CIVIL ACTION NO. B-01-182 | |
| PATRICIA MARIA DEL CARMEN § | | |
| MALDONADO GUTIERREZ as Agent § | | |
| for "CNA MÉXICO S. DE R.L DE C.V." § | | |
| and "CNA MÉXICO S. DE R.L DE C.V."§ | | |
| *Defendants.* § | | |

*United States District Court*
*Southern District of Texas*
**FILED**

**FEB 0 4 2002**

**Michael N. Milby**
**Clerk of Court**

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

RESPONSE:

   A meeting between counsel was held by conference call which included an exchange of drafts on January 23, 2002. The following counsel was in attendance.

   Hon. Carlos H. Cisneros
   CISNEROS & MATTINGLY, P.C.
   845 East Harrison Street, Suite A
   Brownsville, Texas 78520
   (representing Rodolfo Cisneros d/b/a AAA Estrella Blanca)

   Hon. Robert A. Whittington
   Hon. Francisco J. Zabarte
   SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
   100 North Expressway 83
   Brownsville, Texas 78521-2284
   (representing Patricia Maria del Carmen Maldonado Gutierrez as agent for "CNA México S. de R.L. de C.V " and "CNA México S. de R.L. de C.V.")

2. List the cases related to this one that are pending in any state or federal court with the number and court.

RESPONSE:

    There are no pending cases relating to this one in any state or federal court.

    Defendant will state however, there is a pending action in México City, México filed, October 19, 2001, in the office of the President of the Superior Court of Justice of México City, First Court Clerk's Office, by Defendant against Plaintiff, who has its principle place of business in Matamoros, México related to the service agreement made the basis of Plaintiff's suit. Plaintiff has no knowledge or information regarding this filing.

3.    Specify the allegation of federal jurisdiction.

RESPONSE:

    Defendants contend removal was proper pursuant to 28 §§ USC 1332, 1441, and 1446. Plaintiffs maintain that venue is proper in state court.

3. (a)    Briefly describe what the case is about.

RESPONSE:

    Plaintiff asserts claims based on breach of contract, fraud and negligent misrepresentation regarding the service agreement in question.

4.    Name the parties who disagree and the reasons.

RESPONSE:

    Plaintiffs Rodolfo Cisneros d/b/a AAA Estrella Blanca
    Defendant Patricia Maria del Carmen Maldonado Gutierrez
    Defendant CNA México S. de R.L. de C.V.

    Defendants have timely filed a Motion to Dismiss pursuant to 12(b) of the F.R.C.P. for the lack of Jurisdiction in this Court, Improper Venue, Insufficiency of Process and Service of Process and Failure to State a Claim upon which relief can be Granted.

    The parties are in disagreement as to jurisdiction over Defendants, the proper venue, and validity of Plaintiff's claim. Specifically, Plaintiffs allege and Defendants deny that Defendants have engaged in or are carrying on business in the State of Texas

and thus subject to United States jurisdiction. The parties disagree on the proper venue to resolve their dispute, *i.e.*, the courts of México or United States District Court. Furthermore, the parties disagree as to the facts of the dispute as alleged by Plaintiff. Plaintiff has brought suit for Fraud, Breach of Contract and Suit on a Sworn Account founded in the breach of their entered agreement; Defendants maintain that the agreement is general in nature and has not been breached by Defendants.

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

RESPONSE:

> There are no additional parties necessary to resolve this dispute, and the parties do not anticipate adding any additional parties.

6.  List anticipated interventions.

RESPONSE:

> No interventions are anticipated.

7.  Describe class-action issues.

RESPONSE:

> There are none.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

RESPONSE:

> The parties have yet to make the initial disclosures required by Rule 26(a), and Plaintiff and Defendants agree to provide opposing counsel with their initial disclosures within twenty (20) days following the initial pre-trial conference.

9.  Describe the proposed agree discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

RESPONSE:

  The parties will complete their initial disclosures within twenty (20) days following the initial pre-trial conference. The responses to which will be made in the orderly course of discovery as set forth below and in the court's scheduling order.

  B. When and to whom the plaintiff anticipates it may send interrogatories.

RESPONSE:

  Plaintiff anticipates sending interrogatories to Patricia Maria del Carmen Maldonado Gutierrez and CNA México S. de R.L. de C.V. by June 28, 2002.

  C. When and to whom the defendant anticipates it may send interrogatories.

RESPONSE:

  Subject to the Court's ruling on the Motion to Dismiss, Defendants anticipate sending interrogatories to Rodolfo Cisneros by June 28, 2002.

  D. Of whom and by when the plaintiff anticipates taking oral depositions.

RESPONSE:

  Plaintiff anticipates taking the oral deposition of Defendant Maldonado and perhaps the deposition of an officer of CNA México S. de R.L. de C.V. prior to the discovery deadline or after the discovery deadline by agreement of both parties or order of this Court.

  E. Of whom and by when the defendant anticipates taking oral depositions.

RESPONSE:

  Defendant anticipates taking the oral depositions of Plaintiff, and possibly others named as having knowledge of relevant facts. Such shall be completed by the discovery deadline or after the discovery deadline by agreement of both parties or order of this Court.

  F. When the plaintiff (or the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

RESPONSE:

At this time, plaintiff does not anticipate the utilization of expert testimony in this cause of action. However, designation of experts and expert reports by Plaintiff is due sixty (60) days prior to the discovery deadline. Defendants will designate experts and file expert reports thirty (30) days before the discovery deadlines.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

RESPONSE:

Plaintiff anticipates deposing Defendants' experts should Defendants designate experts by the discovery deadline, or after the discovery deadline by agreement of both parties and order of this Court.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

RESPONSE:

Defendant will take depositions of designated experts by the discovery deadline, or after the discovery deadline by agreement of both parties and order of this Court.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

RESPONSE:

There are no disagreements.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

RESPONSE:

None.

12. State the date the planned discovery can reasonable be completed.

RESPONSE:

It is anticipated that all discovery can be completed by September 30, 2002.

13. Describe the possibilities for a prompt settlement or resolution of the case that were

discussed in your Rule 26(f) meeting.

RESPONSE:

    Subject to the Court's ruling on the Motion to Dismiss, Parties will consider mediation at an early stage of the litigation.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

RESPONSE:

    The parties had discussed possible resolution with respect to this suit in this venue, but have not been able to resolve it.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

RESPONSE:

    Subject to the Court's ruling on the Motion to Dismiss, Parties will consider mediation at an early stage of the litigation.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

RESPONSE:

    The parties agree to a Magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

RESPONSE:

    No jury demand has been made.

18. Specify the number of hours it will take to present the evidence in this case.

RESPONSE:

    48 hours.

19. List pending motions that could be ruled on at the initial pretrial and scheduling

-7-

conference.

RESPONSE:

Defendants' Motion Pursuant to Rule 12(b) to Dismiss for Lack of Jurisdiction over the Person, Improper Venue, Insufficiency of Process and Service of Process and Failure to State a Claim upon Which Relief Can Be Granted.

20. List other motions pending.

RESPONSE:

None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

RESPONSE:

None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

RESPONSE:

Hon. Carlos H. Cisneros
State Bar No. 00793508
Federal I.D. No. 21865
CISNEROS & MATTINGLY, P.C.
845 East Harrison Street, Suite A
Brownsville, Texas 78520
(956) 540/2260; (956) 540 5988
(representing Rodolfo Cisneros d/b/a AAA Estrella Blanca0

_____        2-4-02
Counsel for Plaintiff                  Date

Hon. Robert A. Whittington
State Bar No. 21404700
Federal I.D. No. 2202
Hon. Francisco J. Zabarte
State Bar No. 22235300
Federal I.D. No. 10747
SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546 3731 (956) 546 3765
(representing Patricia Maria del Carmen Maldonado Gutierrez as agent for "CNA México S. de R.L. de C.V." and "CNA México S. de R.L. de C.V."

_____   2/4/02
Counsel for Defendants        Date

_____   _____
Counsel for Defendants        Date

Respectfully submitted,

BY: _____
Carlos H. Cisneros
Attorney-in-Charge
State Bar No. 00793508
Federal I.D. No. 21865
845 E. Harrison St., Ste. "A"
Brownsville, Texas 78520
Tel. (956) 504-2260
Fax (956) 504-5988

*CISNEROS & MATTINGLY, P.C.,*
*ATTORNEYS FOR PLAINTIFF,*
*RODOLFO CISNEROS*
*D/B/A AAA ESTRELLA BLANCA*

-9-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was on this the 4th day of February, 2002, served via Certified Mail, return receipt requested, 7000 1670 0005 7080 8609, to the following parties or attorneys pursuant to Federal Rule of Civil Procedure 5(b):

Hon. Robert A. Whittington
Hon. Francisco J. Zabarte
**SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.**
100 North Expressway 83
Brownsville, Texas 78521-2284.

BY: _____
**Carlos H. Cisneros**