IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RODOLFO CISNEROS D/B/A § <br> AAA ESTRELLA BLANCA § <br> *Plaintiff,* § <br> § <br> vs. § <br> § <br> PATRICIA MARIA DEL CARMEN § <br> MALDONADO GUTIERREZ as Agent § <br> for "CNA MÉXICO S. DE R.L DE C.V." § <br> and "CNA MÉXICO S. DE R.L DE C.V."§ <br> *Defendants.* § | CIVIL ACTION NO. B-01-182 |

### PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, as amended, Plaintiff Rodolfo Cisneros d/b/a AAA Estrella Blanca hereby makes the following Initial Disclosures in the above-styled cause:

1.  Name, address, and telephone number of each individual likely to have discoverable information relevant to disputed facts with particularity in the pleadings, together with the subjects of the information known to each witness (Rule 26(a)(1)(A)):

RESPONSE:

    A.    Rodolfo Cisneros d/b/a AAA Estrella Blanca
            3547 East 14th Street
            Brownsville, Texas
            (956) 986-2226
            Plaintiff in the above-styled cause

    B.    Angie Silva
            Best Forwarding
            504 E. Fronton Street
            Brownsville, Texas
            (956) 544-6418
            Presumably knowledgeable of goods shipped to Plaintiff for CNA de México and storage of such goods

C.  Patricia Maria del Carmen Maldonado Gutierrez
    CNA de México
    Eje Sur No. 36
    Col. Paseo de Churubusco
    Delegacion Iztapalapa, México, D.F., C.P. 09030
    (52) 5600 7883
    Defendant in the above-styled case

D.  David Villafuerte Osornio and
    Officers, agents, representatives of
    CNA México S. DE R.L. DE C.V.
    Eje Sur No. 36
    Col. Paseo de Churubusco
    Delegacion Iztapalapa, México, D.F., C.P. 09030
    (52) 5600 7883
    Defendant in the above-styled case

E.  Officers, agents, representatives of
    Servidinamica Aduanera de Matamoros, S.C.
    Calle Allende 6 y E. Carranza #3
    Col. Moderna
    H. Matamoros, Tam.
    (8) 812-4914
    Presumably knowledgeable of the service and goods made the subject of this lawsuit

F.  Officers, agents, representatives of
    Cable Network Associates, Inc.
    2270 NW 30th Place
    Pompano Beach, FL. 33069-8900
    (954) 977-8900
    Presumably knowledgeable of the service and goods made the subject of this lawsuit

G.  Ignacio Martinez Garcia
    CISNEROS & MATTINGLY, P.C.
    845 East Harrison Street, Suite A
    Brownsville, Texas 78520
    (956) 504-2260
    Expert in Méxican statutory law, case law, and constitutional law

      H.      CommScope, Inc.
             6519 CommScope Road
             P. O. Box 199
             Catawba, North Carolina 28609-0199
             (828) 241-3142
             Distributor and Shipper/Carrier responsible to transport goods made the subject of this lawsuit

      I.      Employees of Comunicable, Matamoros
             H. Matamoros, Tam. MX
             Presumably knowledgeable of the service and goods made the subject of this lawsuit

2.   A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody or control of the Plaintiff that are relevant to disputed facts alleged with particularity in the pleadings (Rule 26(a)(1)(B)):

    1.   *Contrato de Prestacion de Servicios* (See Exhibit A)

    2.   Correspondence between parties to the suit (See Exhibit B)

    3.   Invoices, packing lists, shipping summaries, shipping orders, import/export documents, employee records, expense records available for viewing at the offices of Cisneros & Mattingly, P.C., 845 East Harrison Street, Suite A, Brownsville, Texas, upon scheduling a reasonable time during regular business hours

3.   A computation of damages claimed by Plaintiff by each category of damages (Rule 26(a)(1)(C)):

$1,000,000 [ONE MILLION DOLLARS] by reason of the economic injuries and damages which computation is based on the immediately above-listed documents and evidentiary material

4.   Any liable insurance agreement by which a judgment entered in the action may be satisfied in part or all (Rule 26(a)(1)(D)):

Plaintiff is unaware of the existence of any at this time.

Respectfully submitted,

BY: _____
Carlos H. Cisneros
Attorney-in-Charge
State Bar No. 00793508
Federal I.D. No. 21865
845 E. Harrison St., Ste. "A"
Brownsville, Texas 78520
Tel. (956) 504-2260
Fax (956) 504-5988

*CISNEROS & MATTINGLY, P.C.,*
*ATTORNEYS FOR PLAINTIFF,*
*RODOLFO CISNEROS*
*D/B/A AAA ESTRELLA BLANCA*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was on this the 18th day of March, 2002, served via Certified Mail, return receipt requested, 7000 1670 0005 7080 8258, to the following parties or attorneys pursuant to Federal Rule of Civil Procedure 5(b):

Hon. Robert A. Whittington
Hon. Francisco J. Zabarte
**SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.**
100 North Expressway 83
Brownsville, Texas 78521-2284.

BY: _____
**Carlos H. Cisneros**

-4-

*Exhibit A*

# CONTRATO DE PRESTACION DE SERVICIOS

CONTRATO DE PRESTACION DE SERVICIOS QUE CELEBRAN, POR UNA PARTE, "__CNA MEXICO S. DE R. L. DE C.V.__" CON DOMICILIO EN, EJE SUR # 36, PASEO DE CHURUBUSCO, DELEGACION IZTAPALAPA CODIGO POSTAL 09030, MEXICO D.F., A LA QUE EN LO SUCESIVO SE LE DENOMINARA " LA EMPRESA" DEBIDAMENTE REPRESENTADA POR LA __ING. PATRICIA MARIA DEL CARMEN MALDONADO GUTIERREZ__, EN SU CARACTER DE __REPRESENTANTE LEGAL__ ; Y POR LA OTRA, LA EMPRESA "__AAA ESTRELLA BLANCA__" CON DOMICILIO 1405 E JEFFERSO. BROWNSVILLE, TX 78520 U.S.A. CON NUMERO FEDERAL 74-2990640 DEBIDAMENTE REPRESENTADA POR EL __SR. RODOLFO CISNEROS__, EN SU CARACTER COMO DUEÑO DE LA EMPRESA, A QUIEN EN LO SUCESIVO SE LE DENOMINARA COMO " PRESTADOR DE SERVICIOS ", CONFORME AL TENOR DE LAS SIGUIENTES DECLARACIONES Y CLAUSULAS.

## DECLARACIONES

### I. DECLARA CABLE NETWORK

A. QUE ES UNA __SOCIEDAD ANONIMA DE CAPITAL VARIABLE__ LEGALMENTE CONSTITUIDA, DE CONFORMIDAD CON LAS LEYES MEXICANAS COMO LO DEMUESTRA CON LA ESCRITURA DE SU ACTA CONSTITUTIVA NUMERO __3032__ REGISTRO PUBLICO VOLUMEN __229672__ OTORGADA ANTE LA FE DEL NOTARIO PUBLICO NUMERO __38__ DE MEXICO DISTRITO FEDERAL, EL SR. __LIC. CARLOS A. MATSUI SANTANA.__

B. QUE PARA LA CONSECUCION DE SUS FINES, ADEMAS DE SUS PROGRAMAS Y PRESUPUESTOS APROBADOS, REALIZA OTRA SERIE DE ACTIVIDADES CONCRETAS, MEDIANTE LA CELEBRACION DE ACUERDOS, CONVENIOS O CONTRATOS CON LOS SECTORES PUBLICO, SOCIAL Y PRIVADO.

C. QUE CON FECHA __29 DE MAYO 2001__ "LA EMPRESA" CELEBRO CON AAA ESTRELLA BLANCA UN ( contrato, convenio o acuerdo) PARA LOS SERVICIOS EN LOS RAMOS DE LOGISTICA, IMPORTACION Y EXPORTACION DE MATERIAL

D. QUE REQUIEREN PARA LA REALIZACION DEL ( contrato, convenio o acuerdo) SEÑALADO EN LA DECLARACION ANTERIOR, LA PRESTACION DE SERVICIOS PARA LLEVAR ACABO LAS ACCIONES EN MATERIA DE ESTE CONTRATO, CONSISTENTES EN:

1.- BODEGAS CON SERVICIO MANIOBRAS ( CARGA Y DESCARGA) Y ALMACENADO EN LA CIUDAD DE BROWNSVILLE TX.
2.- CERTIFICACION DE PAIS DE ORIGEN, T.L.C. REVICION Y ETIQUETADO DE MERCANCIA
3.- CLASIFICACION DE MERCANCIA Y GASTOS DE ADUANA MEXICANA.
4.- SUPERVISION Y DE TRAMITES DE ADUANA EN LA CIUDAD DE MATAMOROS, TAMAULIPAS, ANTE LA AGENCIA ADUANAL. ( LOS IMPUESTOS Y/O OBLIGACIONES FISCALES ASI COMO TAMBIEN LOS GASTOS DE SERVICIO DEBERAN SER CUBIERTAS POR "LA EMPRESA" ANTES DE REALIZAR EL CRUZE DEL MATERIAL A MATAMOROS, TAMPS.)
5.- LA CONTRATACION DE LINEAS DE TRANSPORTE EN LA CIUDAD DE MATAMORS, TAMAULIPAS. QUE SE UTILIZARAN PARA LOS EMBARQUES DE MERCANCIA.

( LOS GASTOS QUE RESULTEN DE LA CONTRATACION DEL TRANSPORTE DEBERAN SER SOLVENTADOS POR "LA EMPRESA").

E.   QUE SEÑALA COMO DOMICILIO PARA EFECTOS DE ESTE CONTRATO, EL YA ANTES MENCIONADO.

## II. DECLARA " PRESTADOR DE SERVICIOS".

A.   QUE CUENTA CON LOS CONOCIMIENTOS TECNICOS Y LA EXPERIENCIA NECESARIA PARA REALIZAR LAS LABORES CONTENIDAS EN ESTE CONTRATO.

EXPUESTO LO ANTERIOR, LAS PARTES SUJETAN SUS COMPROMISOS A LOS TERMINOS Y CONDICIONES INSERTOS EN LAS SIGUIENTES:

## CLAUSULAS

PRIMERA. " EL PRESTADOR DE SERVICIOS " SE OBLIGA A OFRECER A LA EMPRESA", SUS SERVICIOS CON EL OBJETO DE REALIZAR LAS ACTIVIDADES CONSISTENTES EN : SERVICIOS DE LOGISTICA, IMPORTACION Y EXPORTACION; TAL Y COMO SE ESTABLECE EN LAS FRACCIONES "C" Y "D" EN DECLARACIONES DE CNA MEXICO S DE R.L. DE C.V.

SEGUNDA " EL PRESTADOR DE SERVICIOS " SE OBLIGA A DESARROLLAR EL SERVICIO QUE SE ESTABLECE EN LA CLAUSULA QUE ANTECEDE, A ENTERA SATISFACCION DE " LA EMPRESA" APORTANDO TODA SU EXPERIENCIA Y CAPACIDAD, DEDICANDOLE TODO EL TIEMPO QUE SEA NECESARIO.

TERCERA. LAS PARTES ESTAN CONFORMES EN QUE LA PRESENTE CONTRATACION TIENE COMO FUNDAMENTO, LOS LINIAMENTOS CONTENIDOS (ACUERDOS, CONTRATOS O CONVENIOS), SE PODRAN CONVENIR MEDIANTE CONTRATOS CIVILES.

CUARTA. " EL PRESTADOR DE SERVICIOS " SE OBLIGA A INFORMAR A "LA EMPRESA" DEL ESTADO QUE GUARDE SU LABOR, CUANTAS VECES SEA REQUERIDO PARA ELLO, ASI COMO A RENDIR UN INFORME GENERAL AL TÉRMINO DEL CONTRATO Y NO CEDER LOS DERECHOS Y OBLIGACIONES DERIVADOS DE ESTE CONTRATO, SIN CONSETIMIENTO EXPRESO DE "LA EMPRESA".

QUINTA. EL PRESENTE CONTRATO ESTARA VIGENTE DEL DIA 29 DEL MES DE MAYO DEL AÑO 2001, Y TENDRA VALIDEZ POR EL LAPSO DE DOS AÑOS A PARTIR DE SU FIRMA.

SEXTA. " EL PRESTADOR DE SERVICIOS " RECIBIRA POR CONCEPTO DE HONORARIOS, LA SUMA DE:

1.   5% (CINCO POR CIENTO) SOBRE EL VALOR DEL PRODUCTO, SIEMPRE Y CUANDO EL VALOR DE ESTE NO SEA MENOR DE $4,100.00 DLS U.S.A. (CUATRO MIL CIEN DOLARES DE ESTADOS UNIDOS.)

2.   $150 DLS. U.S.A. ( CIENTO CINCUENTA DOLARES DE ESTADOS UNIDOS) CUANDO

EL VALOR DE EL PRODUTO SEA MENOR DE $4,100.00(CUATRO MIL CIEN DOLARES DE ESTADOS UNIDOS.)

SÉPTIMA. "EL PRESTADOR DE SERVICIOS" CONVIENE EN QUE LAS REMUNERACIONES QUE PERCIBA POR LA REALIZACION DE LOS SERVICIOS MATERIA DE ESTE CONTRATO, SERAN LAS UNICAS.

OCTAVA. "LA EMPRESA" SE OBLIGA A PAGAR LOS HONORARIOS DE "EL PROFESIONISTA" A TRAVÉZ DE LA UNIDAD ADMINISTRATIVA CORREPONDIENTE, PREVIA ENTREGA DE LOS RECIBOS O COMPROBANTES RESPECTIVOS, LOS CUALES DEBERAN REUNIR LOS REQUISITOS FISCALES QUE MARCA LA LEGISLACION VIGENTE EN LA MATERIA.

NOVENA. "EL PRESTADOR DE SERVICIOS" ACEPTA Y CONVIENE QUE EN EL CASO DE OMITIR EL AVISO Y DECLARACION PARA EFECTOS FISCALES, A QUE SE REFIERE LA CLAUSALA ANTERIOR, FACULTA A "LA EMPRESA" PARA QUE LE RETENGA LOS PAGOS A SU FAVOR, HASTA EN TANTO SE CUMPLAN TALES OMISIONES FISCALES A SU CARGO COMO CAUSANTE, EN LOS TÉRMINOS DE LAS LEYES APLICABLES.

DECIMA. CONCLUIDA LA VIGENCIA DEL PRESENTE CONTRATO NO PODRA HABER PRORROGA AUTOMATICA POR EL SIMPLE TRANSCURSO DEL TIEMPO Y TERMINARA SIN NECESIDAD DE DARSE AVISO A LAS PARTES DESPUES DE DOS AÑOS.

DECIMA PRIMERA. PARA EL CASO DE QUE "LA EMPRESA", TUVIERA NECESIDAD DE CONTRAR NUEVAMENTE CON LOS SERVICIOS DE "EL PRESTADOR DE SERVICIOS", SE REQUERIA LA CELEBRACION DE UN NUEVO CONTRATO.

DECIMA SEGUNDA. QUEDA EXPRSAMENTE CONVENIDO QUE CUANDO "EL PRESTADOR DE SERVICIOS" SE APOYE EN PERSONAL AUXILIAR EN EL EJERCICIO DE SUS ACTIVIDADES, ATENDIENDO EL TRABAJO QUE SE LE ENCOMIENDA, DICHO PERSONAL DEPENDERA EXCLUSIVAMENTE DE ÉL, SIN QUE SE ESTABLEZCA NINGUN VINCULO ENTRE LA "EMPRESA" Y EL MISMO QUEDANDO A CARGO DE "EL PRESTADOR DE SERVICIOS", TODAS LAS RESPOSABILIDADES PROVENIENTES DE LA UTILIZACION DE LOS SERVICIOS DEL PERSONAL QUE LO APOYE, Y QUE NO SEA PUESTO A SU DISPOSICION POR "LA EMPRESA".

DECIMA TERCERA. EL PRESENTE CONTRATO PODRA DARSE POR TERMINADO A VOLUNTA DE CULQUIERA DE LOS CONTRATANTES EN UN TERMINO DE HABER CUMPLIDO DOS AÑOS DE SERVICIO, PREVIO AVISO QUE DE AL OTRO CON TRES MESES DE ANTICIPACION, CON EL PROPOSITO DE QUE DURANTE ESE LAPSO HAYA POSIBLIDAD DE CONCLUIR LOS TRABAJOS PENDIENTES Y DE QUE, EN TODO CASO, "LA EMPRESA", TENGA OPORTUNIDAD DE DESIGNAR A QUIEN SUSTITUYA A "EL PRESTADOR DE SERVICIOS".

DECIMA CUARTA. QUEDA EXPRESAMENTE CONVENIDO QUE EL INCUMPLIMENTO A CUALQUIERA DE LAS OBLIGACIONES QUE AQUI SE CONTRAEN, Y AQUELLAS OTRAS QUE DIMANAN DEL CODIGO CIVIL VIGENTE, COMO CONSUBSTANCIALES A LAS OBLIGACIONES DE LAS PARTES, SERA MOTIVO DE RESCISION DEL PRESENTE CONTRATO, Y GENERA EL PAGO DE LOS DAÑOS Y PERJUICIOS QUE EL INCUMPLIMIENTO CAUSA LA CONTRAPARTE CUMPLIDA.

DECIMA QUINTA. "EL PRESTADOR DE SERVICIOS", CEDE GRATUITAMENTE A LA "EMPRESA" LOS DERECHOS (DE PROPIEDAD, DE AUTOR, TRADUCTOR, COMPILADOR, EJECUTANTE, O INTERPRETE), QUE PUDIERAN ORGINARSE CON MOTIVO DE LA PRESTACION DE SUS SERVICIOS PROFESIONALES ASI MISMO, "EL PRESTADOR DE SERVICIOS" CONVIENE EN CEDER A TITULO GRATUITO TODOS (LOS DERECHOS DE PATENTAS Y MARCAS O DE EXPLOTACION DE INVENTOS, DIBUJOS Y MODELOS DE CARATER INDUSTRIAL), QUE PUDIERAN RESULTAR EN VIRTUD DE LA PRESTACION DE LOS SERVICIOS MENCIONADOS A FIN DE QUE LA "

EMPRESA", SI LO CREE CONVENIENTE, SE RESERVE SE DERECHO DE LICENCIAMIENTO O DE HACERLA DEBIDA DIFUCION CULTURAL O CIENTIFICA DEL TRABAJO REALIZADO.

DECIMA SEXTA. PARA LA INTERPRETACION Y COMPLIMIENTO DEL PRESENTE CONTRATO, LAS PARTES SE SOMETEN A LA JURISDICCION Y COMPETENCIA DE LOS TRIBUNALES DE LA CIUDAD DE MEXICO, DEL DISTRITO FEDERAL, ASI COMO A LAS DISPOSICIONES CONTENIDAS EN EL CODIGO CIVIL VIGENTE PARA EL ESTADO DE MEXICO D.F., RENUNCIANDO EXPRESAMENTE AL FUERO QUE PUDIERA CORRESPONDERLES EN RAZON DE SU DOMICILIO ACTUAL O FUTURO.

LEIDO EL PRESENTE CONTRATO Y ENTERADAS LAS PARTES DE SU CONTENIDO Y ALCANCES, LO FIRMAN EN LA CIUDAD DE MEXICO D.F., A LOS 29 DIAS DEL MES DE MAYO DE 2001.

" LA EMPRESA"
CNA MEXICO S DE R L DE C V
Patricia Maldonado, REPRESENTANTE

"EL PRESTADOR DE SERVICIOS"
AAA ESTRELLA BLANCA
RODOLFO CISNEROS C.

# CONTRACT TO RENDER SERVICES

Contract to render services entered into by and between "CNA MEXICO S. DE R.L. DE C.V.", with its address located at Eje Sur #35, Paseo de Churubusco, Delegación Iztapalapa, Código Postal 09030, Mexico, D.F., hereinafter referred to as "THE COMPANY", duly represented by ING. PATRICIA MARIA DEL CARMEN MALDONADO GUTIERREZ, in her capacity as Legal Representative, and "AAA ESTRELLA BLANCA", with its business address located at 1405 E. Jefferson, Brownsville, TX 78520 U.S.A., with Federal Taxpayer No. 74-2990640, duly represented by MR. RODOLFO CISNEROS, in his capacity as Owner of the company, hereinafter referred to as the "SERVICE PROVIDER", pursuant to the following recitals and clauses:

## RECITALS

I.   Cable Network states:

   A. That it is a business corporation of variable capital duly incorporated in accordance to the Mexican laws as evidenced by its Articles of Incorporations, Charter No. 3032, Public Registry, Volume 229672, granted before the assertion of Atty. Carlos A. Matsui Santana, Notary Public Number 38 of Mexico, D.F.

   B. That for the attainment of its purposes, in addition to the programs and approved budgets, it performs other activities through the execution of agreements or contracts with the public, social and private sectors.

   C. That on May 29, 2001, "the Company" executed a (contract, accord or agreement) with AAA Estrella Blanca for services in the fields of logistics, import, and export of materials.

   D. That for the performance of the (contract, accord or agreement) indicated in the above recital, it requires the rendering of services to carry out the actions subject of this contract, and which consist of:

   1.   Warehouses with handling services (loading and unloading) and storage in the city of Brownsville, Texas.

   2.   Certificate from country of origin, F.T.A., inspection and labeling of merchandise.

   3.   Classification of merchandise and Mexican customs expenses.

   4.   Supervision and dealings before Customs in the city of Matamoros, Tamaulipas, at the customs agency, (taxes and/or fiscal duties, as well as expenses shall be paid for by "the Company" before the material can cross into Matamoros, Tamps).

5.  Contracting of transportation or freight lines in the city of Matamoros, Tamaulipas, to be used for the shipment of merchandise. (The expenses resulting from the contracting of the transportation service shall be paid for by "the Company".)

E.  That its business address for purposes of this Contract, is the one indicated above.

II  The "Service Provider" states:

A.  That it has the technical knowledge and expertise necessary to perform the tasks contained in this contract.

Having stated the foregoing, the parties subject their commitments to the following terms and conditions included in the following:

## CLAUSES

FIRST: The "Service Provider" promises to offer "the Company" its services in order to carry out the activities consisting of logistics, import and export, as set forth in paragraphs "C" and "D" of the recitals by CNA MEXICO S. DE R.L. DE C.V.

SECOND: The "Service Provider" promises to develop the services set forth in the above clause to the complete satisfaction of "the Company", providing all its expertise and capacity, and devoting all the time which is necessary.

THIRD: The parties are satisfied in that the basis for this Contract are the guidelines contained (accords, contracts, or agreements), which can be agreed to through civil contracts.

FOURTH: The "Service Provider" promises to inform "the Company" regarding the status of its tasks, as many times as may be required, as well as to render a general report upon the termination of this contract and not to assign the rights and obligations derived from this contract, without the express consent of "the Company".

FIFTH: This contract shall be effective on May 29, 2001, and shall be valid for a period of two years as of its execution.

SIXTH: The "Service Provider" shall receive as fees, the sum of:

1.  5% (Five percent) of the value of the product, provided said value is not less than $4,100.00 U.S. Dollars (Four Thousand One Hundred U.S. Dollars).

2.  $150.00 U.S. Dollars (One Hundred Fifty U.S. Dollars) when the value of the product is less than $4,100.00 U.S. Dollars (Four Thousand One Hundred U.S. Dollars).

SEVENTH: The "Service Provider" agrees that the compensation it receives for the performance of the services subject of this contract, shall be the only ones [it shall receive].

EIGHTH: "The Company" promises to pay the fees to "the Professional" through the appropriate administrative agency, prior the delivery of the respective receipts or vouchers, which shall comply with the fiscal requirements as dictated by law regarding said matters.

NINTH: The "Service Provider" accepts and agrees that in the event it omits the notice and declaration for fiscal purposes referred to in the above clause, it authorizes "the Company" to retain its payments, until such fiscal omissions have been complied with by it, as the one who caused them, and in accordance to the terms of the appropriate laws.

TENTH: After the conclusion of the term of this contract, it cannot be automatically extended by the simple passage of time, and shall terminate without a need of notice to the parties after two years.

ELEVENTH: In the event "the Company" needed to contract again the services of the "Service Provider", the execution of a new contract shall be required.

TWELFTH: It is expressly agreed that whenever the "Service Provider" hires support personnel in order to perform its duties, while taking care of the task entrusted to it, such personnel shall be its exclusive responsibility, and there shall be no relationship between "the Company" and said personnel. The "Service Provider" shall be responsible for all the obligations regarding the hiring of its support personnel and which "the Company" does not provide.

THIRTEENTH: This contract can be terminated at will by any of the contracting parties within a term after having complied with two years of services, prior notice to the other party with three months in advance, in order that during this period any pending jobs can be completed, and that, in any event, "the Company" can have the opportunity to appoint whoever will substitute the "Service Provider".

FOURTEENTH: It is expressly agreed that failure to comply with any of the obligations under this contract and others from the current civil code, applicable to the obligations of the parties, shall be grounds for the rescission of this contract, and shall cause the payment of damages and losses which the noncompliance caused the complying party.

FIFTEENTH: The "Service Provider" freely assigns to "the Company" the rights (of ownership, author, translator, compiler, executant), that may arise from the rendering of the professional services; in addition, the "Service Provider" agrees to assign free title to (patent rights, trademarks, or exploitation of inventions, drawings, models of industrial nature), which may result by virtue of the rendering of the aforementioned services, in order that if "the Company" deems it appropriate, it shall reserve the right for licenses or patents or to make the appropriate cultural or scientific broadcasting of the work done.

**SIXTEENTH:** For the interpretation and compliance of this contract the parties hereto submit to the jurisdiction of the courts of Mexico, D.F., as well as to the provisions of the current civil code for the state of Mexico, D.F., expressly waiving any venue that may correspond to them by reason of their present or future domiciles.

HAVING READ THE CONTRACT AND THE PARTIES HAVING ACKNOWLEDGED ITS CONTENT AND SCOPE, THEY SIGN IT IN THE CITY OF MEXICO, D.F. ON THE 29TH DAY OF MAY OF THE YEAR 2001.

| | |
|---|---|
| "THE COMPANY" | "THE SERVICE PROVIDER" |
| CNA MEXICO S. DE R.L. DE C.V. | AAA ESTRELLA BLANCA |
| Patricia Maldonado, REPRESENTATIVE | RODOLFO CISNEROS C. |
| [flourish] | [flourish] |

---

### *Declaration of Interpreter/Translator*

I, *Sandra R. Cortez, certified by the Administrative Office of the United States Courts for English-Spanish interpreting, do hereby certify that I have translated the foregoing document from Spanish into English. I declare, under penalty of perjury, that to the best of my knowledge and abilities, this is a true and correct translation of the Spanish language text.*



*Brownsville, Texas - October 18, 2001*

Sandra R. Cortez
U.S. Court Certified Interpreter
(Certif. No. 98029)

Page 4 of 4

*Exhibit B*

**AAA ESTRELLA BLANCA**

3547 EAST 14 TH STREET
SUITE A&B
BROWNSVILLE, TX. 78520

Phone (956) 986-2226
Fax   (956) 986-2227

October 03, 2001

ING. PATRICIA MALDONADO
CNA DE MEXICO
EJE 5 SUR No. 36
COL. PASEOS DE CHURUBUSCO
MEXICO D.F. C.P. 09030

    PRESENTE, PATRICIA MALDONADO ESTA CARTA ES PARA COMUNICARLE LO SIGUIENTE: QUE LA MERCANCIA QUE SE ENCUENTRA EN NUESTRA BODEGA SERA CONFISCADA HASTA NUEVA DESICION POR INCUPLIMIENTO DEL CONTRATO FIRMADO POR USTEDES Y YO, RODOLFO CISNEROS CAVAZOS.

    NO PUEDO CREER QUE UNA PERSONA TAN PROFECIONAL COMO LO ES USTED, USTED ESTE HACIENDO MOVIMIENTOS A MIS ESPALDAS CON LA EMPRESA OHMS AGENCIA ADUANAL, DESPUES DE QUE VERIFIQUE QUE LAS FRACCIONES QUE USABAN NO ERAN LAS CORRECTAS, DESPUES DE SUS COMENTARIOS QUE LES IMPORTABAN EN QUINCE DIAS Y ESO ERA DEMACIADO TIEMPO, PARA ESTO YO LES OFRECI RAPIDEZ EN MI TRABAJO Y USAR LAS FRACCIONES CORRECTAS.

    RECUERDE QUE USTEDES ME BUSCARON Y TAMBIEN A MI EMPRESA, YO ESTUDIE SU EMPRESA, PARA MI ERA DEMACIADO GRANDE PERO AL ESTAR EN MEXICO ME DI CUENTA QUE SI PODIA CUMPLIR CON LOS MIVIMIENTOS DE SU EMPRESA Y PODIA BRINDALES EL TRABAJO QUE USTEDES REQUIRIAN, AL FIRMAR EL CONTRATO CON USTEDES ME DIERON UN PLAZO PARA ABRIR LA BODEGA DE DIEZ DIAS PARA EMPEZAR A RECIBIR SU MERCANCIA, LO CUAL RESPETE LO ACORDADO, AL TERMINO DE DIEZ DIAS ESTABAMOS LISTOS PARA COMENZAR A RECIBIR LA MERCANCIA DE SU EMPRESA. PARA COMENZAR LOS MOVIMIENTOS DE MI EMPRESA FIRME UN CONTRATO DE DOS AÑOS POR LA RENTA DE UNA BODEGA DE UN ESPACIO GRANDE PARA PODER TENER SU MERCANCIA SIN NINGUN PROBLEMA, EL CONTRATO SE FIRMO POR LA CANTIDAD DE $ 2150.00 DLLS. AL MES POR LO CUAL ES UN CONTRATO QUE NO PUEDO ANULAR, TAMBIEN SE COMPRO UN MONTA CARGA Y DEMAS EQUIPO PARA EL MOVIMIENTO DE LA MERCANCIA (ROLLOS Y DEMAS DE GRAN PESO).

    DESPUES USTEDES ME HABLARON QUE EL COBRO DE SU MOVIMIENTO ERA DEMACIADO ALTO PARA ESTO ME ACOPLE A SUS DECICIONES, YA CON UNA REDUCCION EN EL COBRO DE MI TRABAJO USTEDES NO USARON MIS SERVICIOS POR UN LARGO TIEMPO A LA FECHA. COMENZE A INVESTIGAR QUE BEST FORWARDING RECIBIA MERCANCIA DE COMSCOOPE (ROLLOS DE CABLE) EN LA CUAL CARGABAN Y DESCARGABAN ROLLOS TAMBIEN OBSERVE QUE LA BODEGA DE ESA EMPRESA ESTA LLENA DE LA MERCANCIA DE USTEDES, QUE LA CUAL SE SUPONIA QUE DEBERIA NO TENER MERCANCIA DE USTEDES. DESPUES ME COMUNICARON QUE LA AGENCIA OHMS HABIAN HECHO PEDIMENTOS A NOMBRE DE USTEDES DE CNA DE MEXICO, HABIA VARIOS MOVIMIENTOS CON USTEDES(CNA DE MEXICO).

    MI PREGUNTA ES PORQUE REGRESARON CON LA AGENCIA OHMS LA CUAL LES HABIAN PROPORCIONADO UN MAL SERVICIO Y LAS FRACCIONES QUE ELLOS REGISTRABAN ERAN INCORRECTAS Y OTROS MALOS SERVICIOS PRESTADOS.

ASI COMO ESTOY ESCRIBIEDO ESTA CARTA DIRIGIDA HA SU EMPRESA, Y HA USTED. LE ESTOY ESCRIBIENDO UNA CARTA AL PRESIDENTE DE LA ASSOCIACION DE CNA DE CABLE NET WORK PALM BEACH, FL . YA QUE LA MERCANCIA SE ENCUENTRA EN ESTADOS UNIDOS SE INICIARA LA DEMANDA DENTRO DE ESTE PAIS, EN LA CUAL SE PRESENTA UN LIEN DE LA MERCANCIA QUE ESTA DENTRO DE BODEGA EN ESTADOS UNIDOS.

PARA LA SOLUCIONAR EL PROBLEMA DE SU MERCANCIA Y LA DEMANDA. LA SOLUCION ES PAGAR EL TOTAL DE $ 98,750.00 DLLS EN LA CUAL ES LA INVERSION Y LA FIRMA DEL CONTRATO. CORRESPONDIENTE A LO QUE SE COMPRO DEL EQUIPO NECESARIO DE ESTA EMPRESA, ESTO NO CORRESPONDE A DAÑOS Y PREJUICIOS SI NO UNICAMENTE A LA INVERSION PARA CUMPLIR EL CONTRATO.

RECUERDEN, NO FUI EL PRIMERO EN ROMPER EL CONTRATO; MIS SERVICIOS FUERON CON RAPIDEZ DANDO LO MEJOR DE MI TRABAJO Y DE MI EMPRESA.

ATENTAMENTE

RODOLFO CISNEROS CAVAZOS



México D.F. a 3 de Octubre del 2001

**AAA ESTRELLA BLANCA**
**Sr. Rodolfo Cisneros**

    Por medio de la presente le confirmo que el día de hoy recibí su carta vía fax, de lo anteriormente sucedido, así mismo le pido de favor me envíe la carta en original lo antes posible ya que necesito presentarla ante el consejo de la compañía para estudiar la posible solución que propone.

    Sin más por el momento quedo en espera de una pronta respuesta.

ATENTAMENTE
Ing. Patricia Maldonado.

Eje 5 Sur No.36   Col. Paseos de Churubusco México, D.F. C.P. 09030   Tels. 5600 7883 Fax 5600 7351   R.F.C. CMC 971021 NL9


CableNetwork
MEXICO

México D.F. a 3 de Octubre del 2001

**AAA ESTRELLA BLANCA**
**Sr. Rodolfo Cisneros**

Por medio de la presente me dirigo a usted, ya que el pasado 2 de Octubre del 2001, le solicite me importara la mercancia de la factura 12837, descrita como cable coaxial 500 con chaqueta autosoportado, marca comscope, con clave P3500JCAM109, de fecha 2 de octubre del 2001, con un total de 85,672 pies (35 carretes), asi como la factura 12846, descritra como cable quantum reach 540 con chaqueta, marca comscope, con clave QR540JCA, de fecha 2 de octubre del 2001, con un total de 19,391 pies (5 carretes), para lo cual le hice llegar las 2 facturas, carta de instrucciones y carta de encomienda asi como el memoramdum donde doy las instrucciones correspondientes para que la mercancia sea recibida el jueves 4 de Octubre del presente, en nuestras oficinas de la ciudad de México, ya que la mercancia urge, dichos documentos fueron enviados via fax y confirmados, ayer quedo en pasarme la solicitud de los impuestos pero no los recibi, hoy he estado llamando a su oficina pero me dicen que no saben nada y que usted esta en la ciudad de México, asi mismo llame a su celular pero esta apagado, en el donde deje mensaje, por otra parte llame a la Agencia Aduanal SERVIDINAMICA ADUANERA, la cual realiza los tramitites de las importaciones, donde me dijeron que no tienen conocimiento de nada, por lo que es claro que no se ha hecho ningun tramite, sin embargo el material me urge.

Sin más por el momento quedo en espera de una pronta respuesta.

ATENTAMENTE

David Villafuerte Osornio